# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL A. JONES, | Case No. 1:15-cv-00383-GSA HC |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND |
| v. | ORDER TO SHOW CAUSE |
| PEOPLE OF THE STATE OF CALIFORNIA, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO APPOINT COUNSEL (ECF No. 7) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 2, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court.[1] (Pet., ECF No. 1). He has consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.

## DISCUSSION

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

1 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
2 The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ
3 of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
4 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th
5 Cir.2001).  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua*
6 *sponte* a habeas petition on statute of limitations grounds so long as the court provides the
7 petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at
8 1041-42.

### B. Leave to File a Motion to Amend Petition and Name a Proper Respondent

10 Petitioner names "People of the State of California" as the Respondent. A petitioner
11 seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody
12 of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-
13 Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21
14 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner
15 is the warden of the prison in which the petitioner is incarcerated because the warden has "day-
16 to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
17 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).
18 However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d
19 at 894; Stanley, 21 F.3d at 360.

20 Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
21 for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
22 1326 (9th Cir. 1970).  However, the Court will give Petitioner the opportunity to cure this defect
23 by amending the petition to name a proper respondent, such as the name of the warden of his
24 facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other*
25 *grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name
26 proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the
27 interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner
28 may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent"

wherein Petitioner may name the proper respondent in this action. Failure to amend the petition and state a proper respondent will result in the petition being dismissed for lack of jurisdiction.

### C. Exhaustion

Also, Petitioner has failed to exhaust all of his claims in the instant petition. A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Petitioner states that Grounds three and four of the instant petition are unexhausted. (ECF No. 1 at 8-12). Therefore, the petition is a mixed petition containing exhausted and unexhausted claims. A mixed petition must be dismissed. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.

**D. Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). As the instant petition was filed on October 13, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner states that his appeal was denied by the Fifth District Court of Appeal on December 3, 2012. (Pet. at 2).[2] Based upon the information in the petition, it appears that Petitioner did not file a petition for review in the California Supreme Court. (Pet. at 3). Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), direct review concluded when the conviction became final forty days after the appellate court filed its opinion. In this case, the period of direct review concluded on January 14, 2013. Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal

---

[2] Page numbers refer to the ECF page numbers that are stamped at the top right of the page by CM ECF.

1  petition for writ of habeas corpus.  Therefore, Petitioner had until January 14, 2014 to file his
2  federal petition.  As Petitioner did not file his federal habeas petition until March 2, 2015, it
3  appears that Petitioner's federal petition is untimely by over a year.

4  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
5  application for State post-conviction or other collateral review with respect to the pertinent
6  judgment or claim is pending shall not be counted toward" the one year limitation period.  In his
7  federal petition, Petitioner notes having filed several petitions for writ of habeas corpus in the
8  state courts.  (Pet. at 2-3).  According to the petition, it appears that Petitioner's first habeas
9  petition was filed on February 18, 2014, in Fresno County Superior Court.  (ECF No. 1 at 28-31).
10 That petition was denied on March 26, 2014.  (ECF No. 1 at 28-31).  On August 7, 2014,
11 Petitioner filed a motion to withdraw his guilty plea in Fresno County Superior Court, and the
12 motion was denied on August 20, 2014.  (ECF No. 1 at 26-27).  Petitioner subsequently filed a
13 habeas petition in the California Supreme Court that was denied on November 25, 2014.  (ECF
14 No. 1 at 25).

15 It appears that Petitioner filed his February 18, 2014 and November 25, 2014, state
16 habeas petitions after the expiration of the limitations period.  Therefore, those state petitions had
17 no tolling consequences.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that
18 Petitioner is not entitled to tolling where the limitations period has already run).  Therefore,
19 Petitioner is not entitled to statutory tolling and the federal petition remains untimely.

20 However, Petitioner may have filed petitions for writ of habeas corpus in state court
21 before the expiration of the limitations period.  According to the Fresno County Superior Court's
22 March 26, 2014, order, it appears that Petitioner filed three prior habeas corpus petitions in state
23 court.[3]  However, the Court is unable to ascertain whether those petitions toll the statute of
24 limitations period based upon the information before the Court at this time.  Petitioner did not
25 provide any information about those state habeas petitions in the instant petition.  If Petitioner
26 has copies of those three petitions and the orders associated with them, he should submit them to

---

[3] In the March 26, 2014 order, the Fresno County Superior Court referenced the three prior petitions In re Darrell A. Jones, Case No. 12CRWR680731, In re Darrell A. Jones, Case No. 12CRWR680790, and In re Darrell A. Jones, Case No. 12CRWR680876.

the Court.

If Petitioner is not entitled to any statutory tolling, it appears that his federal petition is untimely, absent equitable tolling. The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). Petitioner argues that he has not been able to comply with the statute of limitations because of his mental illness. (ECF No. 1 at 13-14).

The Ninth Circuit has articulated a two-part test to determine whether a Petitioner is entitled to equitable tolling because of a mental impairment. Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010). The impairment must have (1) been "so severe that the petitioner was unable personally ... to understand the need to timely file ... a habeas petition," and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." Id. at 1093.

Based upon Petitioner's claims in his petition and the evidence before the Court at this time, the Court finds that Petitioner has not shown that his mental impairment was so severe between January 15, 2013, and March 2, 2015, that he was unable to personally understand the need to timely file a habeas petition and that it was impossible for him to meet the filing deadline despite his diligence. Therefore, it appears that Petitioner is not entitled to equitable tolling and that Petitioner's petition is untimely.

**E. Motion for Reconsideration of Order Denying Motion to appoint Counsel**

Petitioner asks this Court to reconsider its order denying his motion to appoint counsel. Petitioner states that he has a "grave disability" and a "diagnosis of mental illness" and he submitted some of his medical records to support his request for appointment of counsel. (ECF No. 7 at 1).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment

of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has submitted copies of several medical records that show a diagnosis of schizophrenia. (ECF No. 7 at 7). Petitioner submits a declaration in support of renewal of involuntary medication involuntary medication from psychiatrist D. Grubbs, M.D., dated August 14, 2014. (ECF No. 7 at 7-10).[4] The Court notes that Petitioner did not include an affidavit in support of his motion for appointment of counsel. In Dr. Grubbs's declaration in support of renewal of involuntary medication, Dr. Grubbs noted that court-ordered psychiatric medicine has resulted in Petitioner having fewer symptoms and no longer assaulting others. (ECF No. 7 at 7). Dr. Grubbs also noted that Petitioner "is able to use the essential elements of life to take care of himself. He is able to attend groups and individual appointments on a regular basis while in the Enhanced Outpatient Program. He continues to report visual hallucinations but he presents with organized thoughts and organized behaviors." (ECF No. 7 at 7). As for Petitioner's prognosis, Dr. Grubbs noted that the prognosis is "very good" and "[h]e currently presents with organized thoughts and behaviors and is able to adequately participate in the EOP program with minimum residual symptoms." (ECF No. 7 at 9).

Based upon the information that Petitioner has submitted, including Dr. Grubbs's opinion that Petitioner has organized thoughts and behaviors, the Court finds that Petitioner's mental illness is not an "exceptional circumstance" that warrants the appointment of counsel at this time. Furthermore, Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at 954. Therefore, the Court does not find that the interests of justice require the appointment of counsel

---

[4] The Court notes that this notice is over ten months old. The renewal of involuntary medication notice dated August 14, 2014, indicated that Petitioner's hearing before an administrative law judge was scheduled for October 8, 2014. (ECF No. 7 at 6). Petitioner does not provide the Court with any information or records from this October 8, 2014 hearing.

at the present time.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED **thirty (30) days** from the date of service of this Order in which to file a motion to amend the instant petition and name a proper respondent;
2. Petitioner is ORDERED to SHOW CAUSE within **thirty (30) days** of the date of service of this Order why the petition should not be dismissed for violating the limitations period of 28 U.S.C. 2244(d) and failure to exhaust state remedies;
3. Petitioner may, at his option, move to withdraw the unexhausted claims within **thirty (30) days** of the date of service of this Order. If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Court will dismiss the mixed petition without prejudice; and
4. Petitioner's motion for reconsideration of the denial of his motion to appoint counsel is DENIED.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:   **June 19, 2015**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE