# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL A. JONES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　Respondent. | Case No.  1:15-cv-00383-GSA HC<br><br>ORDER DISMISSING PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE THE CASE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 2, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court.[1]  (ECF No. 1).  He has consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 6).

　　On June 22, 2015, the Court issued an order for Petitioner to show cause within thirty days why the petition should not be dismissed for violating the limitations period of 28 U.S.C. 2244(d) and for failure to exhaust state remedies.  (ECF No. 8).  Petitioner was also given the option to withdraw his unexhausted claims within thirty days.  However, Petitioner did not file a response to the Court's order to show cause.  On June 25, 2015, Petitioner filed a motion to amend the petition to name the proper respondent.

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

1

# I.

# DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B. Exhaustion

Petitioner has failed to exhaust all of his claims in the instant petition. A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.

Petitioner admits that grounds three and four of the instant petition are unexhausted. (ECF No. 1 at 8-12).  Therefore, the petition is a mixed petition containing exhausted and unexhausted claims.  A mixed petition must be dismissed.  See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000).  The Court provided Petitioner with the opportunity to amend the mixed petition by striking the unexhausted claims, but Petitioner has not moved to withdraw the unexhausted claims.  Therefore, the mixed petition must be dismissed.[2]

### C. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  As the instant petition was filed on October 13, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a

---

[2] Although the dismissal for failure to exhaust state remedies would usually be without prejudice, in this case, the dismissal is on the merits because the petition also violate the limitations period.

federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner states that his appeal was denied by the Fifth District Court of Appeal on December 3, 2012. (Pet. at 2). Based upon the information in the petition, it appears that Petitioner did not file a petition for review in the California Supreme Court. (Pet. at 3). Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), direct review concluded when the conviction became final forty days after the appellate court filed its opinion. In this case, the period of direct review concluded on January 14, 2013. Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Therefore, Petitioner had until January 14, 2014 to file his federal petition. As Petitioner did not file his federal habeas petition until March 2, 2015, it appears that Petitioner's federal petition is untimely by over a year.

4

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In his federal petition, Petitioner notes having filed several petitions for writ of habeas corpus in the state courts. (Pet. at 2-3). According to the petition, it appears that Petitioner's first habeas petition was filed on February 18, 2014, in Fresno County Superior Court. (ECF No. 1 at 28-31). That petition was denied on March 26, 2014. (ECF No. 1 at 28-31). On August 7, 2014, Petitioner filed a motion to withdraw his guilty plea in Fresno County Superior Court, and the motion was denied on August 20, 2014. (ECF No. 1 at 26-27). Petitioner subsequently filed a habeas petition in the California Supreme Court that was denied on November 25, 2014. (ECF No. 1 at 25).

It appears that Petitioner filed his February 18, 2014 and November 25, 2014, state habeas petitions after the expiration of the limitations period. Therefore, those state petitions had no tolling consequences. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that Petitioner is not entitled to tolling where the limitations period has already run). Therefore, Petitioner is not entitled to statutory tolling.

Absent equitable tolling, Petitioner's federal petition is untimely. The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). Petitioner argues that he has not been able to comply with the statute of limitations because of his mental illness. (ECF No. 1 at 13-14).

The Ninth Circuit has articulated a two-part test to determine whether a Petitioner is entitled to equitable tolling because of a mental impairment. Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010). The impairment must have (1) been "so severe that the petitioner was unable personally ... to understand the need to timely file ... a habeas petition," and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's

5

diligence." Id. at 1093.

Based upon Petitioner's claims in his petition and the evidence before the Court at this time, the Court finds that Petitioner has not shown that his mental impairment was so severe between January 15, 2013, and March 2, 2015, that he was unable to personally understand the need to timely file a habeas petition and that it was impossible for him to meet the filing deadline despite his diligence. Therefore, it appears that Petitioner is not entitled to equitable tolling and that Petitioner's petition is untimely.

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing

required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is DIMSMISSED for violating the limitations period of 28 U.S.C. 2244(d) and for failure to exhaust state remedies;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 25, 2015**               /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE